IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CALVIN DEWAYNE RANDLE, ) | | |
| ID # 1333998, ) | | |
|     Petitioner, ) | | |
| vs. ) | No. 3:09-CV-0416-D (BH) | |
| ) | | |
| NATHANIEL QUARTERMAN, Director, ) | Referred to U.S. Magistrate Judge | |
| Texas Department of Criminal ) | | |
| Justice, Correctional Institutions Division, ) | | |
|     Respondent. ) | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Petitioner, an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his October 18, 2005 conviction for aggravated robbery in Cause No. F05-45625-MT. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. Procedural and Factual History**

On October 18 2005, a jury convicted petitioner of aggravated robbery, and he received a fifteen year sentence. (Pet. Writ of Habeas Corpus (Pet.) at 2.) On October 17, 2006, the court of appeals affirmed the conviction. *Randle v. State*, No. 05-05-01602-CR, 2006 WL 2948849, at *3 (Tex. App. – Dallas Oct. 17, 2006, pet. refused). Petitioner raised four issues on appeal – legal and

factual insufficiency of the evidence, trial court error in not submitting a defensive issue to the jury, improper jury argument by the State. *Id.* at *1. After his original petition for discretionary review was stricken for non-compliance with procedural rules, *Randle v. State*, No. 1696-06, 2007 WL 987133, at *1 (Tex. Crim. App. Apr. 4, 2007) (per curiam en banc), the Court of Criminal Appeals refused his petition for discretionary review on June 13, 2007, *see* Texas Courts Online, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=247606 (accessed Mar. 9, 2009) (official internet site of the Texas Court of Criminal Appeals) (follow links to ultimate disposition).

According to petitioner, he mailed a state application for writ of habeas corpus on June 2, 2008, that the court did not file until July 9, 2008. (Pet. ¶ 11.) On February 11, 2009, the Texas Court of Criminal Appeals dismissed that state application as non-compliant. *See* Texas Courts Online, http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2361270 (accessed Mar. 9, 2009).

Petitioner filed his federal petition on February 26, 2009, when he signed and placed it in the prison mail system. (Pet. at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). Petitioner claims that he received ineffective assistance of trial counsel when his attorney failed to request a jury charge on abandonment or renunciation, request and obtain exculpatory video evidence mentioned at trial, and object to improper jury argument. (Pet. at 7.) He also claims that his attorney rendered ineffective assistance and had an actual conflict of interest as shown by his statement during closing argument that "I can't prove to you that he's not guilty." (*Id.* at 8, 8B.) In addition, he claims that (1) his due process rights were violated when the prosecution either destroyed or failed to admit evidence that would show his innocence and (2) his Sixth Amendment

rights to a fair trial were violated due to withheld or destroyed evidence. (*Id.* at 8C.)

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

In this case, petitioner has not fairly presented his claims to the Texas Court of Criminal Appeals. Although he appealed his conviction, he raised different claims than he now raises. His only state application for writ of habeas corpus was dismissed without consideration of the merits. The Texas Court of Criminal Appeals has thus had no opportunity to consider the claims raised by petitioner in the instant federal petition.

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court.

*Picard v. Connor*, 404 U.S. 270, 275 (1971).

Because petitioner has not fairly presented any claim to the Texas Court of Criminal Appeals, that court has had no opportunity to review the claims raised in the instant federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is, therefore, not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant habeas corpus petition be **DISMISSED** without prejudice[1] for failure to exhaust state court remedies.

**SIGNED this 9th day of March, 2009.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] "Without prejudice" means that the dismissal of itself will not prevent petitioner from filing a later federal petition to challenge his conviction. Of course, the one-year statute of limitations may bar a later petition if the limitations period is not statutorily or equitably tolled.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE